UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW MOORE,

        Plaintiff,

                              CASE NO. 2:13-CV-13960
v.                            HONORABLE MARIANNE O. BATTANI

KYM WORTHY,

        Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I. INTRODUCTION**

Michigan prisoner Matthew Moore ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Wayne County Prosecutor Kym Worthy.[1] In his complaint, Plaintiff challenges his state criminal proceedings, particularly the use of a DNA paternity test. He sues defendant Worthy in her personal and official capacity. He requests that she be investigated and removed from office, and that she be ordered to turn over all information on cases involving paternity tests. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. 28 U.S.C. § 1915(a)(1).

**II. DISCUSSION**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief

---

[1] Plaintiff checked a box on his form complaint that he intends to sue more than one defendant, but provides no additional names or addresses as required to do so.

can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

Having reviewed Plaintiff's complaint, the Court finds that it is subject to summary dismissal because it concerns his state criminal proceedings and fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of continued confinement. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. Id. at 487-89.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in Heck is that "civil tort

actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486. If Plaintiff were to prevail on his claims concerning the validity of his criminal proceedings, his conviction and continued confinement would be called into question. Consequently, such claims are barred by Heck and must be dismissed.

Additionally, Plaintiff's claims against Defendant Worthy in her official capacity are barred by sovereign immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Co., 574 F.3d 334, 344 (6th Cir. 2009)). The State of Michigan has not consented to be sued for civil rights actions in federal court, Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. Quern v. Jordan, 440 U.S. 332, 341 (1979). The Michigan courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan. Pucci v. Nineteenth Dist. Ct., 628 F.3d 752, 762-64 (6th Cir. 2010); Chambers v. Michigan, No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); Young v. District & Supreme Cts. of Mich., No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Such sovereign immunity extends to judges and prosecutors in the Michigan courts who are sued in their official capacities. Pucci, 628 F.3d at 764; Cady, 574 F.3d at 342-45. Defendant Worthy is thus entitled to Eleventh Amendment immunity and any claims against her in her official capacity must be dismissed.

Defendant Worthy is also entitled to absolute immunity on any claim for damages against her in her individual capacity. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Higgason v. Stephens, 288 F.3d 868, 878 (6th Cir. 2002); see also Van de Kamp v. Goldstein, 555 U.S. 335, 342-43 (2009). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, Kalina v. Fletcher, 522 U.S. 118, 129 (1997), and the decision file a criminal complaint. Ireland v. Tunis, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. See Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). Defendant Worhty is thus entitled to absolute immunity on any personal claim for damages arising from her actions as an advocate in Plaintiff's criminal proceedings.

Lastly, Plaintiff requests that Defendant Worthy be investigated and removed from office, i.e., that charges be brought against her. Plaintiff does not have standing to bring a criminal complaint. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Diamond v. Charles, 476 U.S. 54, 63 (1986). Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another. Id. at 64–65. Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Moreover, a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. White v. City of Toledo, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); Walker v. Schmoke, 962 F. Supp. 732, 733 (D. Md. 1997); Fulson v. City of Columbus, 801 F. Supp. 1, 6 (S.D. Ohio

5

1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."). This Court does not have supervisory powers over the Wayne County Prosecutor's Office and cannot compel an investigation of Defendant Worthy. Plaintiff has failed to state a claim upon which relief may be granted in his complaint.

### III.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds, LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).

**IT IS SO ORDERED**.

         s/Marianne O. Battani  
         MARIANNE O. BATTANI  
         UNITED STATES DISTRICT JUDGE

Dated: October 21, 2013

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Plaintiff via ordinary U.S. Mail, and Counsel for the Defendant via the Court's ECF Filing System.

s/Bernadette M. Thebolt

Case Manager